IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

THEOTIS HILDEBRAND                                                                         PLAINTIFF

v.                              Civil No. 1:19-cv-1004

LT. PAUL KUGLER, Jail Administrator;
CORPORAL MARLOE; LT. STEVEN
GREEN; CAPTAIN MITCHAM; RICKY
ROBERTS, Sheriff, Union County; MIKE
LOFTIN, County Judge; FRANK HASH,
Mayor, El Dorado, AR; and CHARLIE
PHILLIPS, Chief Deputy                                      DEFENDANTS

## **ORDER**

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### **I. BACKGROUND**

Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on February 13, 2019. (ECF No. 1). He submitted an *in forma pauperis* ("IFP") application with his Complaint. (ECF No. 2). However, the application was incomplete. In addition, a review of Plaintiff's Complaint revealed that he failed to specify what each named defendant did or failed to do that violated his constitutional rights. As a result, on February 13, 2019, the Court entered an order directing Plaintiff to submit a completed IFP application and file an Amended Complaint by March 4, 2019. (ECF No. 3).

Plaintiff filed his Amended Complaint and submitted an IFP application on March 19, 2019. (ECF Nos. 5, 6). The following day, Plaintiff's IFP application was granted. (ECF No. 7). Plaintiff is currently incarcerated in the Arkansas Department of Correction – Tucker Unit. The incidents on which Plaintiff bases his claims occurred while he was detained in the Union County Detention Center ("UCDC") in El Dorado, Arkansas.

Plaintiff has named Jail Administrator Paul Kugler, Corporal Marloe, Lieutenant Steven Green, Captain Mitcham, Sheriff Ricky Roberts, County Judge Mike Loftin, Mayor Frank Hash, and Chief Deputy Charlie Phillips as Defendants. Plaintiff claims his legal mail was either lost or thrown away on October 14, 2018. Specifically, he states, "I [slid] my Amended 1983 form under the door of H-pod to Co Marloe on October 14, 2018 to be mailed back to the Clerk of Court. The deadline was October 19, 2018. I made sure he got it. That was the last time I seen my Amended 1983 form." (ECF No. 5, p. 4).

Plaintiff sues Defendants in their individual and official capacities. He seeks compensatory and punitive damages. (ECF No. 1, p. 14). Plaintiff also seeks to "[g]et [his] mail log to find out where the 1983 form is[.]" (ECF No. 5, p. 7).

## II. LEGAL STANDARD

Under the PLRA, the Court is obligated to screen this case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

### A. Defendants Kugler, Green, Mitcham, Roberts, Loftin, Hash, and Phillips

Plaintiff has named Kugler, Green, Mitcham, Roberts, Loftin, Hash, and Phillips as Defendants but has not made any specific allegations against them in his Amended Complaint. "Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability on the part of a defendant, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (citation and internal quotation marks omitted).

Plaintiff has failed to allege that Defendants Kugler, Green, Mitcham, Roberts, Loftin, Hash, or Phillips had any personal involvement in the violation of his constitutional rights. Accordingly, Plaintiff's claims against these Defendants should be dismissed for failure to state a claim.

### B. Interference with Legal Mail

Plaintiff alleges his constitutional rights were violated on October 14, 2018, when Defendant Marloe interfered with his legal mail. Plaintiff claims Marloe lost or threw out his legal mail causing him to miss a deadline in one of his 1983 cases.

3

"'The taking of an inmate's legal papers can be a constitutional violation when it infringes his right of access to the courts. The taking of legal papers will often, (though perhaps not always) interfere with an inmate's right of access to the courts.'" *Cody v. Weber*, 256 F.3d 764, 768 (8th Cir. 2001) (quoting *Goff v. Nix*, 113 F.3d 887, 892 (8th Cir. 1997)). Giving Plaintiff the benefit of the doubt at this stage, the Court finds Plaintiff has alleged facts to support a claim that Defendant Marloe interfered with his legal mail on October 14, 2018. Accordingly, this claim shall proceed.

**C. Official Capacity Claims**

Under section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). With respect to official capacity claims, they are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In this case, Plaintiff's official capacity claims against Defendants are treated as claims against Union County. *See Murray v. Lene*, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Union County's liability under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

Plaintiff has not identified any policy, custom or practice of Union County in his Amended Complaint which contributed to a violation of his rights. Accordingly, all official capacity claims should be dismissed.

## IV. CONCLUSION

For the foregoing reasons, the following claims are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii): (1) official capacity claims against all Defendants; and (2) individual capacity claims against Defendants Kugler, Green, Mitcham, Roberts, Loftin, Hash, and Phillips.

The individual capacity claim against Defendant Marloe shall proceed. Service will be addressed by a separate order.

The Clerk is **DIRECTED** to terminate Jail Administrator Paul Kugler, Lieutenant Steven Green, Captain Mitcham, Sheriff Ricky Roberts, County Judge Mike Loftin, Mayor Frank Hash, and Chief Deputy Charlie Phillips as defendants in this lawsuit.

**IT IS SO ORDERED**, this 21st day of March, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge